In re GENERAL TRANSPORTATION SERVICES, INC.

In re GENERAL TRUCK SALES of KNOXVILLE, INC.

In re GENERAL MATERIALS HANDLING, INC.

In re DIAMOND GMC, INC.

In re GENERAL TRUCK SALES of CHATTANOOGA, INC.

In re TRANSPO TRAILER SALES, INC.

In re GENERAL TRUCK SALES of ALABAMA, INC.

In re TEE GEE REALTY CO., INC.

In re WILCO TRUCK RENTALS of FLORIDA, INC.

In re WILCO TRUCK RENTALS of GEORGIA, INC.

In re TIRE 'N TUBE, INC.

In re EDENS TRUCK CENTER, INC.

In re GENERAL TRUCK CENTER, INC.

In re GENERAL TRUCK SALES of SPARTA, INC.

In re TRANSPO TRAILER SALES of DALLAS, INC.

In re TRANSPORT MULTI–SERVICES, INC.

In re TRI–STATE INVESTMENT COMPANY OF VIRGINIA, INC.

In re ROYAL TIRE SERVICES, INC.

Thomas E. RAY, Successor Receiver/Trustee, Movant,

v.

Bobbie DEUTSCHER, Executrix of the Estate of Irwin A. Deutscher, Former Receiver/Trustee for General Transportation Services, Inc., et al., Respondent.

Bankruptcy Nos. 74–1867, 74–1969, 74–1948, 74–1964, 74–1966, 74–1968, 74–2022, 74–2023, 74–1878, 74–1903, 74–1944, 74–2033, 74–2035, 74–2034, 74–1967, 74–2027, 74–2020 and 74–1945.

United States Bankruptcy Court, M.D. Tennessee.

Sept. 10, 1985.

D. Tracy Shaw, Douglas Fisher, Nashville, Tenn., for Aetna Cas. & Surety Co.

Richard C. Kennedy, Thomas E. Ray, Chattanooga, Tenn., for Successor Receiver/Trustee, Thomas E. Ray.

## MEMORANDUM OF OPINION

JOHN F. RAY, Jr., Bankruptcy Judge.

This matter came before the Court on the motion of Aetna Casualty & Surety Company ("Aetna") to quash subpoena duces tecum served upon the Nashville lawfirm of Gullett, Sanford & Robinson (formerly Gullett, Steele, Sanford, Robinson & Merritt ("Gullett") by Thomas E. Ray, the Successor Receiver/Trustee, to produce "all documents arising from or related to the bankruptcy proceeding" of General Transportation Services, Inc. ("GTS"). Gullett had represented Irwin A. Deutscher, the former Receiver/Trustee of GSI.

Irwin A. Deutscher was appointed Receiver/Trustee by the Bankruptcy Court on July 30, 1975. He immediately employed counsel to represent him in his fiduciary capacity. By order of the Court on December 2, 1983, Irwin A. Deutscher was removed as Receiver/Trustee and subsequently Thomas E. Ray was appointed as Successor Receiver/Trustee. Thomas E. Ray thereafter filed a motion objecting to the prior Receiver/Trustee's report and moved the Court to surcharge the Receiver/Trustee. Parties to the contested matter include Aetna, as the surety on Irwin Deutscher's bond, and Bobbie Deutscher, as Executrix of the Estate of Irwin Deutscher who died while this matter was pending.

On April 18, 1985, the deposition of Deutscher's primary attorney, William Lamar Newport, was taken at the behest of Aetna and pursuant to a subpoena and notice to take deposition. Mrs. Deutscher did not appear, nor did she interpose any objections to the deposition of Mr. Newport. During the course of the deposition, no objections on the grounds of privilege were raised. A thorough examination was made of Attorney Newport concerning his involvement in the case, his representation of Irwin A. Deutscher and the actions of Irwin A. Deutscher in this matter. The subpoena called for the production of all of the books and records in the possession of Mr. Newport. Prior to the deposition, Mr. Newport informed counsel for Aetna that he did not have any of the books and records, and that they were retained at the successor firm known as Gullett, Sanford & Robinson, by whom he was no longer employed. Counsel for Aetna has examined the books and records of Deutscher's attorneys presently maintained at Gullett. This examination was done without notice to or knowledge of the Successor Receiver/Trustee. On April 4, 1985, Attorney James Thomas, acting on behalf of Mrs. Deutscher, wrote Attorney Newport as follows:

> I am writing you as a follow-up to Tracy Shaw's April 3, 1985, letter. Bobbie Deutscher and I spoke by telephone this afternoon, and as the executrix of the estate, she has waived any applicable attorney-client privilege that might have existed as between you and Irwin Deutscher in your representation of him as the trustee/receiver in the GTS case. Speaking as former counsel for Irwin, I can assure you that this most definitely was our intention and Irwin's intention to begin with.
>
> I appreciate your concerns about the attorney-client privilege, and I hope this letter is sufficient to dispell [sic] any reservations you might have.

The examination of the records at Gullett was made pursuant to this letter.

During the course of the deposition of Attorney Newport, several important matters came to the attention of the movant, including a letter dated June 16, 1976, from Irwin A. Deutscher to William Lamar Newport. Attorneys for the Successor Receiver/Trustee were allowed to read the letter,

but were not given a copy of the letter, and Aetna has refused to provide a copy of the letter on the grounds of attorney-client privilege and work product privilege.

Aetna has moved to quash the subpoena served by the Successor Receiver/Trustee on the law firm of Gullett, in order to prevent the Successor Receiver/Trustee from examining the records, pleadings, correspondence, books and documents in its possession or under its control arising from or related to the bankruptcy proceeding of GTS. The basis of the motion to quash filed by Aetna is the attorney-client privilege as between Irwin Deutscher and the law firm of Gullett.

The Successor Receiver/Trustee contends that:

1. Aetna has no standing to raise the attorney-client privilege.

2. The attorney-client privilege does not apply to the Successor Receiver/Trustee since the Successor Receiver/Trustee stands in the shoes of the former Receiver/Trustee in his fiduciary capacity and, therefore, would be the "client" entitled to assert the privilege.

3. Any such privilege has been waived both expressly and impliedly.

There are two questions before this Court, namely:

1. Does Aetna or the Successor Receiver/Trustee have standing to raise the attorney-client privilege?

2. Was the privilege waived by James G. Thomas's letter of April 4, 1985 to William L. Newport, which permitted Aetna to review the books and records of Deutscher's attorneys?

As a general rule, the privilege of nondisclosure of confidential information may be invoked only by the person protected, or by someone on his behalf such as a spouse, guardian or an executor or executrix of his estate. Aetna, in its brief, makes the statement that it now "stands in Deutscher's shoes" as his surety, thereby giving it the right to invoke the privilege.

The Successor Receiver/Trustee takes the position that the attorney-client privilege does not apply to him, since he now stands in the shoes of Deutscher in his fiduciary capacity and, therefore, would be the "client" entitled to assert the privilege.

■ This Court is of the opinion that neither Aetna nor the Successor Receiver/Trustee can invoke the privilege. The privilege is personal to the client, and the client, not the attorney, may assert the privilege. *See Garner v. Wolfinbarger*, 430 F.2d 1093 (5th Cir.1970). Since Deutscher is deceased, only his spouse or the personal representative of his estate can invoke the privilege.

■ Bobbie Deutscher, as Executrix of the Estate of Irwin A. Deutscher, deceased, voluntarily and expressly waived the attorney-client privilege when her lawyer, James G. Thomas, advised William L. Newport by letter dated April 4, 1984 that Bobbie Deutscher, as Executrix of the Estate of Irwin A. Deutscher, had waived any attorney-client privilege between him and Irwin Deutscher. The waiver permitted Aetna to take the deposition of William L. Newport, and also permitted Aetna, without the knowledge of the Successor Receiver/Trustee, to examine the books and records of Deutscher's attorney in the GTS case. As stated in *Permian Corp. v. United States*, 665 F.2d 1214, 1219 (D.C.Cir. 1981) (quoting *United States v. American Telephone & Telegraph*, 642 F.2d 1285, 1299 [D.C.Cir.1980] ), "[a]ny voluntary disclosure by the holder of such a privilege is inconsistent with the confidential relationship and thus waives the privilege." *See also, In re Sealed Case*, 676 F.2d 793, 800–01 (D.C.Cir.1982); *In re Subpoenas Duces Tecum*, 738 F.2d 1367, 1369–70 (D.C. Cir.1984), *In re Blier Cedar Co., Inc.*, 10 B.R. 993 (D.Maine 1981), *Chubb Integrated Systems Limited v. The National Bank of Washington*, 103 F.R.D. 52 (D.D.C.1984).

Based upon the foregoing, the motion of Aetna to quash the subpoena duces tecum should be denied.